1  ROBERT C. SCHUBERT S.B.N. 62684
   WILLEM F. JONCKHEER S.B.N. 178748
2  SCHUBERT JONCKHEER & KOLBE LLP
   Three Embarcadero Center, Suite 1650
3  San Francisco, California 94111
   Telephone: (415) 788-4220
4  Facsimile: (415) 788-0161
   rschubert@schubertlawfirm.com
5  wjonckheer@schubertlawfirm.com

6  Local Counsel for Plaintiff

7  BRIAN J. WANCA
   ANDERSON & WANCA
8  3701 Algonquin Road, Ste 760
   Rolling Meadows, IL 60008
9  Telephone: (847)368-1500
   Facsimile: (847)368-1501
10 bwanca@andersonwanca.com

11 Counsel for Plaintiff

12

13          **UNITED STATES DISTRICT COURT**

14         **NORTHERN DISTRICT OF CALIFORNIA**

15

16 PHYSICIANS HEALTHSOURCE, INC., an          No. 12 2180

17    Ohio corporation, individually and as

18    the representative of a class of similarly-      **CLASS ACTION COMPLAINT**
      situated persons,

19

20                    Plaintiff,

21            v.

22 RELIANT TECHNOLOGIES, INC., SOLTA
      MEDICAL, INC., and JOHN DOES 1-
23    10,

24                    Defendants.

25

26

27

28

FILED-filing

2012 MAY -1 P 3: 30

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1     Plaintiff Physicians Healthsource, Inc. ("Plaintiff") brings this action on behalf of itself and

2 all other persons similarly situated, through its attorneys, and except as to those allegations

3 pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges

4 the following upon information and belief against Defendants, Reliant Technologies, Inc., Solta

5 Medical, Inc. and John Does 1-10 ("Defendants").

### PRELIMINARY STATEMENT

7     1.     This case challenges Defendants' practice of sending unsolicited facsimiles.

8     2.     The federal Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), prohibits

9 a person or entity from faxing or having an agent fax advertisements without the recipient's prior

10 express invitation or permission. The TCPA provides a private right of action and provides statutory

11 damages of $500 per violation.

12     3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

13 fax machine, paper, and ink toner. An unsolicited fax wastes the recipients' valuable time that

14 would have been spent on something else. A junk fax interrupts the recipients' privacy. Unsolicited

15 faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized

16 outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional

17 labor to attempt to discern the source and purpose of the unsolicited message.

18     4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class

19 action asserting claims against Defendants under the TCPA.

20     5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA and for

21 injunctive relief.

### JURISDICTION AND VENUE

23     6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. §

24 227.

25     7.     Venue is proper in the Northern District of California because Defendants committed

26 a statutory tort within this district, a significant portion of the events took place here, and Defendants

27 have their principal place of business here.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**PARTIES**

8.     Plaintiff Physicians Healthsource, Inc. is an Ohio corporation located in Cincinnati, Ohio.

9.     On information and belief, defendant Reliant Technologies, Inc. is a Delaware corporation with its principal place of business in Hayward, California.

10.    On information and belief, defendant Solta Medical, Inc. is a Delaware corporation with its principal place of business in Hayward, California.

11.    Defendants John Does 1-10 will be identified through discovery, but are not presently known.

**FACTS**

12.    On or about June 19, 2008 and July 22, 2008, Defendants transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff. Copies of the faxes are attached hereto as Exhibit A.

13.    Defendants created or made Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

14.    Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15.    Plaintiff had not invited nor given permission to Defendants to send the faxes.

16.    On information and belief, Defendants faxed the same and similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18.    Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

3

**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

19. In accordance with FRCP 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

Excluded from the Class are Defendants, their employees, agents and members of the Judiciary.

20. Commonality [Fed. R. Civ. P. 23 (A) (2): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a) Whether Defendants sent unsolicited fax advertisements;

b) Whether Defendants' faxes advertised the commercial availability of property, goods, or services;

c) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

d) Whether Defendants faxed advertisements without first obtaining the recipients' prior permission or invitation;

e) Whether Defendants sent the faxed advertisements knowingly;

f) Whether Defendants violated the provisions of 47 U.S.C. § 227;

g) Whether Defendants should be enjoined from faxing advertisements in the future;

h) Whether Plaintiff and the other members of the class are entitled to statutory damages;

i) Whether Exhibit A and Defendant's other advertisements display a proper opt out notice as required by 64 C.F.R. 1200; and

j) Whether the Court should award treble damages.

4

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

21.     Typicality [Fed R. Civ. P. 23 (A) (3):   Plaintiff's claims are typical of the claims of all class members. Plaintiff received a fax sent on behalf of Defendants advertising goods and services of Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

22.     Fair and Adequate Representation [Fed. R. Civ. P. 23 (A) (4):   Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

23.     Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23 (B) (1):   Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

24.     Common Conduct [Fed. R. Civ. P. 23 (B) (2):   Class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. §227.

25.     Predominance and Superiority [Fed. R. Civ. P. 23 (B) (3):   Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

a)     Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b)     Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

c)     Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims

involving virtually identical facts and legal issues to be resolved efficiently in one
proceeding based upon common proofs;

e) This case is inherently manageable as a class action in that:

(i) Defendants identified persons or entities to receive the fax transmissions and it is believed that Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense:

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

26. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine..." 47 U.S.C. § 227.

27. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

28. The TCPA provides:

"3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

6

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

(B)     An action to recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions."

29.     The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

30.     Defendants knew or should have known that a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services; b) Plaintiff and the other class members did not have an established business relationship; c) Defendants transmitted an advertisement; and d) Defendants' faxes did not display a proper opt out notice compliant with 64 C.F.R. 1200.

31.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

32.     Defendants violated 47 U.S.C. § 227, et seq., by transmitting advertisements to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, Reliant Technologies, Inc., Solta Medical, Inc., and John Does 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class and appoint Plaintiff's counsel as counsel for the class;

7

1        B.    That the Court award actual monetary loss from such violations or the sum of five

2    hundred dollars ($500.00) for each violation, whichever is greater;

3        C.    That the Court treble the damages if the Court finds that Defendants willfully,

4    knowingly or intentionally violated the Telephone Consumer Protection Act;

5        D.    That the Court enjoin Defendants from additional violations; and

6        E.    That the Court award costs and such further relief as the Court may deem just and

7    proper.

8

9    Dated: May 1, 2012

10

11   PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,

12

13

14   By: _____

15   ROBERT C. SCHUBERT
     WILLEM F. JONCKHEER
16   SCHUBERT JONCKHEER & KOLBE LLP
     Three Embarcadero Center, Suite 1650
17   San Francisco, CA  94111
     Telephone:  415-788-4220
18   Fax:  415-788-0161
     rschubert@schubertlawfirm.com
19   wjonckheer@schubertlawfirm.com

20   Local Counsel for Plaintiff

21

22   BRIAN J. WANCA
     ANDERSON + WANCA
23   3701 Algonquin Road, Suite 760
     Rolling Meadows, IL  60008
24   Telephone:  847-368-1500
     Fax:  847-368-1501
25   bwanca@andersonwanca.com

26   Counsel for Plaintiff

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

8

# EXHIBIT A



JUN 19 2008



# FRAXEL® TREATMENT IS ONE OF THE MOST POPULAR AND PROFITABLE AESTHETIC TREATMENTS IN THE NATION.

## PLEASE JOIN US FOR AN INVITATION-ONLY DISCUSSION ON THE FRAXEL FAMILY OF LASERS

- Leverage the Fraxel Advantage to dramatically increase your practice revenue
- Effectively integrate Fraxel laser treatment with your other treatment offerings
- Quickly recoup your investments and increase profits
- Build a continuing pipeline of Fraxel patients

One of the "Best Quality-of-Life Breakthroughs."
**New York Post**

"The last time I saw this level of enthusiasm was when Botox® was new."
**Grant Stevens, Plastic Surgeon**

"Fraxel lasers remain the gold standard devices for true nonablative fractional resurfacing."
**Joely Kaufman & Vic Narurkar Dermatologists**

## WHEN:
Saturday, July 12, 2008
Welcome / Reception 9:00 am
Discussion / Demonstration 9:30 am

**KEYNOTE SPEAKER:** Jill Walbel, MD

## WHERE:
Indianapolis Marriott - North
3645 River Crossing Parkway
Indianapolis, IN 46240

## EVENT HOST:
Brent McGough
brncgough@fraxel.com
614.325.5237

## TO REGISTER OR FOR MORE INFORMATION:

- Visit www.reliant-tech.com/events.cfm
- Email workshops@fraxel.com
- Call 888-4FRAXEL (888.437.2935)
- Fax 650.605.4807

☐ **Yes,** I would like to attend this event.  ☐ **No,** I am not able to attend this event at this time, but would like more information about Fraxel lasers.

Name: _____ Daytime Phone: _____
Specialty: _____
Email: _____
Address: _____
City: _____ State: _____ Zip: _____

**Space is limited, register early. Upon registration, you will receive event confirmation and your area sales representative will collect a $100 reservation deposit (required) which will be refunded upon check-in at the event. Event is limited to one guest per attending physician.**

RELIANT TECHNOLOGIES, INC.   464 ELLIS STREET, MOUNTAIN VIEW, CA 94043 USA   WWW.RELIANT-TECH.COM
PN 12-0442 L502 Rev' 62008 Reliant Technologies, Inc. All rights reserved. Fraxel and the Fraxel dot logo are trademarks belonging to Reliant Technologies, Inc. Fraxel is registered in the U.S. Patent and Trademark Office, in other countries. Other names and brands may be claimed as the property of others.

This information is presented as an educational service, acting in accordance with the rules of the Federal Communications Commission (FCC). If you prefer to have your name removed from our fax list, please enter your fax number in box at right and fax back to (650) 605-4837.

[ : )

WS.0605.421  00217 (02/08)



**fraxel**

*By Appointment Only*

YOUR EXCLUSIVE INVITATION TO A **LIVE FRAXEL® TREATMENT DEMONSTRATION**

---

## As seen on NBC's *Today* show...
# "Mini medical miracles"

---

"The **biggest breakthrough** in wrinkle removal in the last 5-10 years."

**Chris Zachary, MD**
NBC's Today Show

"The last time I saw this level of enthusiasm was Botox®."

**Grant Stevens, MD**
Angelino

"One of the **top 5 Anti-Aging Breakthroughs**..."

**New Beauty**
Summer/Fall 07

Find out how the *Fraxel* laser will transform your practice!

### UPCOMING VENUES:

• Monday, July 28 - Mason, OH

• Tuesday, July 29 - Fairfield, OH

• Wednesday, July 30 - West Chester, OH

• Thursday, July 31 - Hamilton, OH

### FOR A PERSONAL APPOINTMENT, PLEASE CONTACT:

Brent McGough
614.325.5237
bmcgough@fraxel.com

---

☐ **Yes,** I would like to attend one of the venues listed above. Please contact me to schedule an appointment.

☐ **No,** I am not able to attend this event, but would like more information about Fraxel lasers.

Name: _____

Daytime Phone: _____

Specialty: _____

Fax: _____

Email: _____

Address: _____ City: _____ State: _____ Zip: _____

**PLEASE FILL OUT AND FAX BACK TO: 650.605.4807**

---

**SPACE IS LIMITED AND A RESERVATION IS REQUIRED.** THIS EVENT IS COURTESY OF RELIANT TECHNOLOGIES, INC.

**RELIANT TECHNOLOGIES, INC.   464 ELLIS STREET, MOUNTAIN VIEW, CA 94043 USA   WWW.RELIANT-TECH.COM**
PN MKTG-1110-F0 kw2  ©2008 Reliant Technologies, Inc.  All rights reserved. Fraxel and the Fraxel dots logo are trademarks belonging to Reliant Technologies, Inc.  Fraxel is registered in the U.S. Patent and Trademark Office and in other countries. Other names and brands may be defined as the property of others.

This information is provided as an educational service, acting in accordance with the rules of the Federal Communications Commission (FCC). If you prefer to have your name removed from our fax list, please enter your fax number in lines at right and fax back to (650) 605-4807.

( . )

JUL 22 2008 MS 0708.494 (07/08)