**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., | No. 1:12-CV-2180 NJV |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| RELIANT TECHNOLOGIES, et al., | |
| Defendants. | |

On June 5, 2013, Plaintiff Physicians Healthsource, Inc., and Defendant Solta Medical, Inc., along with its predecessor in interest, Defendant Reliant Technologies, Inc., ("the parties") filed a Stipulation of Dismissal of this action pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. The parties stipulated to dismissal of individual claims asserted by Plaintiff Physicians Healthsource, Inc., with prejudice. The parties further stipulated to the dismissal of all claims asserted on behalf of a putative class without prejudice, because no class has been certified and no notice is being provided to the putative class. Each party is to bear its own attorneys' fees, expenses and costs.

Rule 41(a)(1)(A)(ii) provides for voluntary dismissal of an action without court order based on a stipulation signed by all parties who have appeared. Rule 41(a)(1)(A), however, expressly states that it is subject to Rule 23(e). Rule 23(e) formerly provided that, "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Rule 23(e) (1998). A body of older case law exists holding that a civil action brought as a class action is

to be treated as a class action even before certification of the class. *See, e.g.*, *Preferred MSO of America - Austin LLC v. Quadramed Corp.,* 85 F.Supp.2d 974, 979 (C.D. Cal. 1999). This proposition has been applied to voluntary dismissals under Rule 41(a)(1)(A)(ii), requiring court approval of the dismissal although no class had yet been certified. *See generally*, *City of Inglewood v. Unnamed Citizens,* 508 F.2d 1283 (9th Cir. 1974).

The language of Rule 23(e) was rewritten in 2003. The initial paragraph now provides, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." This language makes it clear that Rule 23(e) applies only to cases in which a class has been certified. Here, no class has been certified. Accordingly, court approval is not needed for voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(ii) .

Accordingly, IT IS HEREBY ORDERED as follows:

1) The individual claims asserted by Plaintiff Physicians Healthsource, Inc., are DISMISSED with prejudice;

2) All claims asserted on behalf of a putative class are DISMISSED without prejudice;

3) This action is DISMISSED in its entirety. The Clerk is directed to close this case.

Dated: June 11, 2013

Nandor J. Vadas
United States Magistrate Judge

2